UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| CHARLES WEATHERSPOON, *Pro Se*, | Case No.: 4: 19 CV 1835 |
| Petitioner | |
| | JUDGE SOLOMON OLIVER, JR. |
| v. | |
| WARDEN MARK K. WILLIAMS, | |
| | MEMORANDUM OF OPINION |
| Respondent | AND ORDER |

## Background

*Pro Se* Petitioner Charles Weatherspoon, a federal prisoner incarcerated at FCI-Elkton pursuant to a 2011 judgment of conviction in this court for attempted possession of cocaine with intent to distribute, has filed a Petition for a Writ of *Habeas Corpus* under 28 U.S.C. § 2241. (Doc. No. 1.)

In his Petition, Petitioner challenges a public safety factor (PSF) sex offender classification assigned to him by the Bureau of Prisons (BOP). Although he does not allege a specific constitutional violation in his Petition, he contends that a PSF sex offender classification was improperly applied to him because he was never convicted of a sex offense. He seeks removal of the PSF from BOP records.

Petitioner administratively exhausted his claim that the BOP improperly classified him as a sex offender; however, his administrative appeal was denied. The Administrator of the BOP's National Inmate Appeals found that the Warden had properly applied the PSF to Petitioner pursuant to BOP Program Statement 5100.08, Inmate Security Designation and Custody Classification. (Doc. No. 1-1.)

**Standard of Review**

"A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. "Under this provision, the District Court has a duty to screen out a habeas corpus petition which should be dismissed for lack of merit on its face." *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970). "No return is necessary when the petition is frivolous, or obviously lacking in merit, or where . . . the necessary facts can be determined from the petition itself without need for consideration of a return." *Id*.

**Discussion**

Upon review, the court finds that the Petition must be summarily dismissed.

In regard to the classification of inmates, "Congress has given federal prison officials full discretion to control these conditions of confinement . . . ." *Moody v. Daggett*, 429 U.S. 78, 88 n. 9 (1976). Thus, it has been held repeatedly that prisoners have no constitutional right to any specific classification. *Ford v. Harvey*, 106 F. App'x 397, 399 (6th Cir.2004); *Aguilera v. Federal Bureau of Prisons*, No. 4: 13 CV 513, 2013 WL 5676324, at *5 (N.D. Ohio Oct. 17, 2013).

An inmate does not have a liberty interest in avoiding a particular condition of confinement, including a particular security classification, unless the condition "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Wilkinson v. Austin*, 545 U.S. 209, 222-23 (2005) (quoting *Sandin v. Conner*, 515 U.S. 472, 483–84 (1995)).

Petitioner has not set forth allegations plausibly suggesting that his internal classification as a sex offender imposed an "atypical and significant hardship" rising to the level of a constitutional

2

violation, and courts have consistently rejected constitutional challenges to such classifications made in accordance with BOP regulations. *See, e.g., Montalvo v. Snyder*, 84 F. App'x 521, 522 (6th Cir. 2003) (affirming dismissal of § 2241 petition in which petitioner alleged that the BOP had violated his constitutional rights by classifying him as a sex offender); *Grayson v. Fed. Bureau of Prisons*, No. 5:11 CV 2, 2011 WL 7154384, at *4–5 (N. D. W.Va. July 22, 2011) (BOP can rely on information in PSR of other official documentation for security classification as sex offender even though inmate was not convicted of a sexual offense); *McCombs v. U.S. Dep't of Justice*, No. 4:06 CV 1777, 2006 WL 3169530, at *2 (N. D. Ohio Oct. 31, 2006) (although inmate had not been convicted of a sexual offense, BOP could classify him as a sex offender since, "as a matter of law, claims based on classification procedures do not state a constitutional violation").

## Conclusion

Accordingly, Petitioner's motion to proceed *in forma pauperis* in this matter (Doc. No. 2) is granted, and his Petition is dismissed pursuant to 28 U.S.C. § 2243. The court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

    /s/ Solomon Oliver, Jr.
SOLOMON OLIVER, JR.
UNITED STATES DISTRICT COURT JUDGE

December 5, 2019